IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OPERATING ENGINEERS LOCAL 66, )
AFL-CIO AND CONSTRUCTION )
INDUSTRY COMBINED FUNDS, )
INC., as Agent for BOARD OF )
TRUSTEES OF OPERATING )
ENGINEERS LOCAL 66 ANNUITY )
AND SAVINGS FUND, OPERATING )
ENGINEERS CONSTRUCTION )
INDUSTRY AND MISCELLANEOUS )
PENSION FUND, OPERATING )
ENGINEERS LOCAL 66 BENEFIT )
FUND, OPERATING ENGINEERS )   2:08cv1039
LOCAL 66 WELFARE FUND, )       **Electronic Filing**
WESTERN PENNSYLVANIA )
OPERATING ENGINEERS JOINT )
APPRENTICESHIP AND TRAINING )
PROGRAM, )
       Plaintiff, )
)
   v. )
)
**MANGERY & SONS OF PENN, INC.,** )
       Defendant. )

### MEMORANDUM OPINION

March 15, 2010

**I.  INTRODUCTION**

Plaintiff, Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. (the "Funds" or "Plaintiff"), instituted this action against Defendant, Mangery & Sons of Penn, Inc. ("Mangery" or "Defendant"), to recover fringe benefits Mangery was allegedly required to contribute to the Funds for the period from January 2005 through January 2009 under a signed collective bargaining agreement. The Funds filed a motion for summary judgment, Mangery has responded and the motion is now before the Court.

Plaintiff filed a Concise Statement of Material Facts ("Pl. CSMF") in support of its motion for summary judgment. The Local Rules of the United States District Court for the Western District of Pennsylvania require that Plaintiffs file a responsive "concise statement

which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by . . . admitting or denying whether each fact contained [therein] . . . is undisputed and/or material . . . setting forth the basis for the denial if any fact . . . is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record . . ." *See* LR 56.1(C)(1)(a) & (b).  Contrary to Rule 56.1, Mangery instead filed a "Concise Statement of Facts in Opposition to Plaintiff's Motion for Summary Judgment"("Def. CSF") which neither admits nor denies facts set forth in Plaintiff's factual statement.  Material facts set forth in a moving party's concise statement of material facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *See* LR 56.1(E).  Though it is not for the Court to sort through the entire record to determine whether stated facts are disputed, the Court will use its best efforts to reconcile the statements filed by the parties.

## II. STATEMENT OF THE CASE

The Funds are employee benefit plans within the meaning of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq.* Pl. CSMF ¶ 1.  During the time period relevant to this action, Mangery was primarily engaged in the operation of a construction company in Western Pennsylvania. Pl. CSMF ¶ 2; Def. CSF ¶ 2.  In October of 1999, Betty Mangery was the sole shareholder, sole director, the President, Secretary and Treasurer of Mangery. Pl. CSMF ¶ 3; Deposition of Betty Mangery, Def. CSF, Exhibit A p. 12 (hereinafter "Dep. B.Mangery").

On October 1, 1999, Betty Mangery, acting on behalf of the Defendant, signed an Area 1 Independent Building Construction Agreement (the "Agreement") with the Operating Engineers Local Union No. 66 (the "Union"). Pl. CSMF ¶ 4; Dep. B.Mangery pp. 15-16.  The Agreement required that Mangery contribute certain amounts to the Funds on behalf of its employees who perform work as crane operators and oilers. Pl. CSMF ¶¶ 5 & 9.  The Agreement also required

that certain cranes were to be manned only by union operating engineers and oilers. Pl. CSMF ¶ 9.  The Agreement contains a provision that automatically renews the Agreement annually unless written notice is given by either party to the Agreement at least ninety (90) days prior to May 31 of the last year the Agreement is in effect. Pl. CSMF ¶ 6.  Further, the Agreement automatically incorporates by reference and binds Mangery to subsequent future collective bargaining agreements.  *Id.*   There is no evidence in the record that a corporate principal of Mangery ever gave notice to the Union of termination under the Agreement.

During the periods relevant to this action, Mangery employed both union and nonunion operating engineers and oilers on various construction sites who performed work covered by the Agreement.  Pl. CSMF ¶¶ 13-14. The Funds' allege that from January 2005 until February 2010, Mangery has failed to pay certain benefit contributions for work performed by employees covered under the Agreement.  Pl. CSMF ¶ 15. The Funds contend that Mangery is liable to the Funds for principal, liquidated damages and interest in an amount in excess of $500,000. Pl. Amended Motion for Summary Judgment ¶ 2.

### III.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P 56©, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law.  To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*.  The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in

favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56©, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994). Moreover, the non-moving party cannot defeat a well supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

For the reasons set forth below, the Funds' motion will be granted in part and denied in part. The Funds are entitled to summary judgment with respect to whether Mangery was obligated to contribute to the Funds for the work done by operating engineers and oilers employed by Mangery. But summary judgment is not appropriate with respect to the damages sought.

IV.   DISCUSSION

To recover for breach of the collective bargaining agreement, the Funds must show that: (1) Mangery had a contractual obligation not to make reports or to remit contributions on behalf

4

of individuals employed by Mangery that performed work covered by th Agreement; (2) Mangery breached this obligation; and (3) the damages sought by the Funds foreseeably flowed from the breach. *Agathos v. Starlite Motel*, 977 F.2d 1500, 1509 (3d Cir. 1992)

Mangery argues that summary judgment is improper because: (1) the written terms of the Agreement were modified by oral representations made by a Union representative[1]; (2) the required contributions by Mangery for benefits under the Agreement cannot be enforced because the Agreement was a result of fraud in the inducement or fraud in the execution[2]; (3) the Funds lack standing to sue on the Agreement; and (4) the Funds' are estopped from enforcing the Agreement against Mangery.

Mangery does not argue that the terms of the Agreement are ambiguous[3], it argues instead that the alleged understanding between Mangery and Edward Poole that contributions were only required under the Agreement for union members working on union jobs supersedes the written terms of the Agreement. This argument is an affirmative defense that can be construed as either fraud in the inducement or a defense based upon an estoppel argument. As set forth below, both defenses fail under ERISA.

A. <u>Standing</u>

Section 515 of ERISA, reads as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not

---

[1] Mangery contends that a representative of the Union, Edward Poole, told its principal that contributions were only required under the Agreement for union members working on union jobs.

[2] In its brief in opposition, Mangery does not expressly argue fraud in the execution, however, it references the defense at Paragraph 10 of its statement of facts.

[3] In that instance, a court may look to the conduct of the parties subsequent to the signing of the agreement, as Mangery advocates in this instance, in order to determine the employer's obligations under the agreement. *Teamsters Indus. Employees Welfare Fund v. Rolls-Royce Motor Cars, Inc.*, 989 F.2d 132, 138 (3d Cir. 1993).

>    inconsistent with law, make such contributions in accordance with
>    the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Congress's purpose in enacting section 515 was to allow multiemployer welfare funds to rely upon the terms of collective bargaining agreements and plans as written, thus "permitting **trustees of plans** to recover delinquent contributions efficaciously, and without regard to issues which might arise under labor-management relations law . . . ." *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1103 (3d Cir. Pa. 1996)(quoting 126 Cong. Rec. 23,039 (1980))(emphasis added).  Further, ERISA allows a civil action to be brought "by a participant, beneficiary, or fiduciary . . . to enforce any provisions of this subchapter." 29 U.S.C. § 1132(a)(3); *Marks v. Independence Blue Cross*, 71 F. Supp. 2d 432, 437 (E.D. Pa. 1999); *see also Heffernan v. iCare Mgmt., LLC*, 356 F. Supp. 2d 141, 150 (D. Conn. 2005). Plaintiff in this instance, as a trustee of multiemployer welfare funds, is a fiduciary as that term is defined in 29 U.S.C. § 1002(21)(A), and therefore, has standing to bring this civil action to enforce rights conferred by 29 U.S.C. § 1145 as authorized by 29 U.S.C. § 1132(a)(3).

      B.      Affirmative Defenses[4]

The Funds are third-party beneficiaries of the collective bargaining agreement between Mangery and the Union. *See Agathos v. Starlite Motel*, 977 F.2d at 1505(citing *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986), *cert. denied*, 479 U.S. 1065, (1987)).  The Third Circuit, as well as other courts of appeal, has found that Section 515 limits the defenses that a employer can invoke against a third-party beneficiary to a collective bargaining agreement. *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d at1103-1104 (citing *e.g.. Agathos v. Starlite Motel*, 977 F.2d at 1505 (employer may not assert fraud in the inducement as a defense); *Trustees of Laborers Local Union # 800 Health and Welfare Trust Fund v. Pump House, Inc.*, 821 F.2d 566, 568 (11th Cir. 1987) (per curiam)

---

    [4]    Though Mangery has failed to raise all its affirmative defenses, except estoppel, by responsive pleading or by motion as required by Rule 8 of the Federal Rules of Civil Procedure, the Court will substantively address the defenses.

(same); *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d at 775 (same); *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1154 (7th Cir. 1989)(employer may not assert oral agreement with union not to enforce terms of collective bargaining agreement as a defense); *Bituminous Coal Operators' Association, Inc. v. Connors*, 276 U.S. App. D.C. 9, 867 F.2d 625, 632-36 (D.C. Cir. 1989) (employer may not assert mutual mistake of fact in entering the collective bargaining agreement as a defense)).

As a general matter, an oral agreement with a union cannot alter an employer's obligations to a third-party beneficiary fund. *Cent. Pa. Teamsters Health & Welfare Fund v. Scranton Bldg. Block Co.*, 882 F. Supp. 1542, 1544 (E.D. Pa 1995). Moreover, the Third Circuit has held more than once that an oral promise to disregard the text of a collective bargaining agreement cannot be enforced against its third-party beneficiary. *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 490 (3d Cir. 1994); *Agathos v. Starlite Motel*, 977 F.2d at 1505. This premise is in accord with the prevailing case law. *See N.Y. State Teamsters Conference Pension & Retirement Fund v. UPS*, 382 F.3d 272, 280 (2d Cir. 2004) ("[O]therwise valid collection regulations promulgated by a multi employer plan to effectuate contributions cannot be defeated by implied or unwritten agreements between the employers and unions."); *Cent. States, Se. & Sw. Areas Pension Fund v. Kroger Co.*, 226 F.3d 903, 911 (7th Cir. 2000)("Because pension funds are entitled to rely on the terms of a CBA, a fund's reliance upon those terms may not be thwarted by oral understandings between the employer and the union . . . ."); *Bakery & Confectionery Union and Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997)("[A]n employer is not permitted to raise defenses that attempt to show that the union and the employer agreed to terms different from those set forth in the agreement."). This rule is consistent with Section 515's purpose of insulating benefit plans from disputes between local unions and employers, in that it frees them from having "to monitor. . . the understandings that arise between the individual unions and employers." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. Md. 1997); *see also*

*Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv. Inc.*, 870 F.2d at 1152-1153.

Further, when a collective bargaining agreement defines covered employees by job classification, it generally covers "all employees within those classifications, regardless of union membership." *Trs. of the S. Cal. IBEW-NECA Pension Trust Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008)(quoting *Teamster's Local 348 Health & Welfare Fund v. Kohn Beverage Co.*, 749 F.2d 315, 318 (6th Cir. 1984). The Agreement contains a recognition clause designating the Union as the sole bargaining representative for all workers who perform work as crane operators or oilers. Pl. CSMF ¶¶ 8 & 9. "The presence in the agreement of a recognition clause designating the union as the exclusive bargaining agent for all employees indicates that fringe benefit contributions are required for both union and non-union members." *Id.*

The Third Circuit recognizes only three defenses that an employer may assert against employee benefit funds seeking to recover contributions: (1) that the fund contributions themselves are illegal; (2) that the collective bargaining agreement is void *ab initio*; and (3) that the employees have decertified the union as its bargaining representative. *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992). Therefore, Mangery's defenses of estoppel, fraud in the inducement and oral modification fail as a matter of law.

One of Mangery's defenses, however, may be relevant. Claims for contributions delinquent under the terms of a collective bargaining agreement can be defeated if it is shown that "the collective bargaining agreement is void *ab initio*, as where there is fraud in the execution, and not merely voidable, as in the case of fraudulent inducement."*Agathos v. Starlite Motel*, 977 F.2d at 1505.

The Third Circuit has repeatedly held that, in order "[t]o prevail on a defense of fraud in the execution, a party must show 'excusable ignorance of the contents of the writing signed.'" *Id.* (quoting *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d at 774; U.C.C. § 3-305 cmt. 7). Excusable ignorance generally refers to situations that occur "when a party executes an agreement with neither knowledge nor reasonable opportunity to obtain knowledge of its

8

character or its essential terms." *Connors v. Fawn Mining Corp.*, 30 F.3d at 490). More specifically, the Third Circuit has suggested that excusable ignorance requires a showing that the resulting instrument is "radically different" from the instrument the defrauded party thought it was signing. *Agathos v. Starlite Motel*, 977 F.2d at 1506; *Connors v. Fawn Mining Corp.*, 30 F.3d at 491.

Here, Mangery does not argue that its principal signed a document that was radically different from the instrument it believed it was signing. Further, Mangery is unable to argue that it did not have the opportunity to determine the character or essential terms of the Agreement. Betty Mangery admits she signed the "union book" and that she did not read the Agreement when she signed it because she assumed that Mangery's admitted practice of paying benefits only on union jobs would continue. Dep. B.Mangery pp. 21-22; B. Mangery Affidavit. She also intimated that the Agreement was too long to read stating "it was a big little book." *Id.*

Mangery is unable to show excusable ignorance of the contents of the Agreement. Mangery had the Agreement in its possession prior to execution, and there is no evidence that the terms of the Agreement were surreptitiously altered prior to execution. The defense of fraud in the execution, therefore, is not available to Mangery in this instance.

    C.    <u>Damages</u>

Based upon a comprehensive review of the record, the Court finds material issues of fact regarding the amount of contributions Mangery allegedly owes to the Funds. Considering the facts in the light most favorable to Mangery, there is evidence that, in its calculations, the Funds failed to distinguish work covered by the Agreement from work not covered by the Agreement. *See* Deposition of Sam Colella, Def. CSF, Exhibit E pp. 34-37. Because there is evidence that the audits and the methods used in calculating Mangery's liability to the Funds may be flawed, summary judgment on the amount owed by Mangery must be denied.

## V. CONCLUSION

Based on the foregoing, the motion for summary judgment filed by the Funds' will be granted in part and denied in part. The Funds are entitled to summary judgment with respect to Mangery's obligation to contribute to the Funds for hours worked by operating engineers and oilers employed by Mangery. But summary judgment is not appropriate with respect to the damages claimed by the Funds. An appropriate order follows.

                                              s/ David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge

cc.    Jeffrey J. Leech, Esquire
       Tucker Arensberg
       1500 One PPG Place
       Pittsburgh, PA 15222

       Joseph H. Bucci
       Houston Harbaugh, P.C.
       401 Liberty Avenue
       22nd Floor
       Pittsburgh, PA 15222